468 P.2d 892

**Phyllis REKART, Plaintiff-Appellant,**

**v.**

**SAFEWAY STORES, INC., Defendant-Appellee.**

**No. 390.**

Court of Appeals of New Mexico.

Feb. 13, 1970.

Rehearing Denied April 16, 1970.

Paul F. Sherman, Sherman & Sherman, Deming, for appellant.

R. E. Riordan and Neil E. Weinbrenner, Las Cruces, for appellee.

## OPINION

WOOD, Judge.

█ A bottle of Pepsi Cola fell and cut plaintiff while she was a business invitee in defendant's store. She sued for personal injuries. The trial court granted defendant's motion for summary judgment. Summary judgment is not proper where there is the slightest issue as to a material fact. Perry v. Color Tile of New Mexico, (Ct. App.), 81 N.M. 143, 464 P.2d 562, decided January 16, 1970. Appealing, plaintiff contends there are factual issues as to defendant's liability. We affirm the summary judgment, discussing: (1) proximate cause; (2) whether sworn pleadings establish a fact issue; and (3) asserted admitted liability.

*Proximate cause.*

Plaintiff's theory of liability is that defendant was negligent or breached an implied warranty. The warranty theory, in turn, is based on defendant's alleged negligence. Plaintiff asserts there are factual issues as to negligence because of a pattern of conduct within the holdings of Garcia v. Barber's Super Markets, Inc., (Ct.App.), 81 N.M. 92, 463 P.2d 516, decided December 19, 1969 and Williamson v. Piggly Wiggly Shop Rite Foods, Inc., 80 N.M. 591, 458 P.2d 843 (Ct.App.1969).

Plaintiff contends that defendant knew the soft drink display area became disarranged during the course of business, that due to the public's mishandling of the soft drinks some of them were placed in a precarious position, that with knowledge of these conditions defendant failed to inspect and remedy these conditions or notify business invitees that they existed.

Plaintiff also asserts there are factual issues as to negligence because of defendant's failure to follow the custom of other storekeepers in the area in the method of displaying soft drinks. Here she relies on Annot., 20 A.L.R.2d 95, at 103 (1951) where it is stated:

"Evidence of the custom of other storekeepers in the vicinity in displaying or stacking similar merchandise has been held relevant to the determination of the defendant's negligence in cases involving injury to a customer from the fall of stacked or displayed goods, * * *."

Plaintiff claims that two types of shelving, in common use in the area, " * * tended to prevent the injury which occurred by providing the cartons of soft drink with stability" and that defendant knew of this shelving but made no attempt to use it.

█ We assume the depositions and affidavit raise factual issues as to each of these contentions. Compare Gonzales v. Shoprite Foods, Inc., 69 N.M. 95, 364 P.2d 352 (1961). Even with this assumption, there is the question whether such negligence, if established, was a proximate contributory factor in plaintiff's injury. Fitzgerald v. Valdez, 77 N.M. 769, 427 P.2d 655 (1967). Ordinarily proximate cause is a question of fact. Chavira v. Carnahan, 77 N.M. 467, 423 P.2d 988 (1967); Dahl v. Turner, 80 N.M. 564, 458 P.2d 816 (Ct.App. 1969). However, this question may be determined as a question of law. Fitzgerald v. Valdez, supra. Here it is a question of law.

Plaintiff was reaching for a carton of Dr. Pepper when the Pepsi Cola bottle fell. She had not touched any of the soft drink display. She knows the bottle fell from her right but from where, or how far it fell, she does not know. She has no idea what caused the bottle to fall. There was nothing to indicate the accident would happen. There was no one close by; there was no rumbling or shaking of the walls. There were no witnesses. The people she identified as possibly knowing something about the accident were deposed. Their depositions reveal nothing as to the cause. None of the deponents, including plaintiff, gave any testimony as to the condition of the display on the day of the accident. The affidavit went to the customary use of different types of shelving in the area.

 Specifically there is no permissible connection either with a pattern of conduct or with the lack of certain shelving and the bottle that fell and cut the plaintiff. Here we have no evidence that a messy condition existed at the time of the accident. Compare Shaver v. Bell, 74 N.M. 700, 397 P.2d 723 (1964); Barakos v. Sponduris, 64 N.M. 125, 325 P.2d 712 (1958); Garcia v. Barber's Super Markets, Inc., supra. If such a condition existed it must be inferred. For a messy condition to have been the cause for the bottle falling we must put inference on inference. This we may not do. Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967); Renfro v. J. D. Coggins Company, 71 N.M. 310, 378 P.2d 130 (1963).

We have the fact that there was shelving in common use that was safer than the stacking method used by defendant. If we infer that the stacking method in use on the day of the accident was unsafe we must use that inference to infer such was the proximate cause for the fall of the Pepsi Cola bottle. Again we place inference on inference.

 Defendant, on the basis of the depositions and affidavit, made a prima facie showing that neither of plaintiff's two claims were the proximate cause of the bottle falling. With this showing, it was for plaintiff to show there was a factual issue concerning proximate cause. Spears v. Canon de Carnue Land Grant, 80 N.M. 766, 461 P.2d 415, decided November 24, 1969; Southern Union Gas Co. v. Briner Rust Proofing Co., 65 N.M. 32, 331 P.2d 531 (1958).

*Whether sworn pleadings establish a factual issue.*

The preceding discussion was limited to the depositions and affidavit. Paragraph (c) of our summary judgment rule, both before and after the 1969 amendment, requires the pleadings to be considered by the trial court in ruling on a motion for summary judgment. Section 21–1–1(56) (c), N.M.S.A.1953 and Supp.1969.

We must consider the effect of the pleadings in this case because: (1) The complaint specifically alleges the two items of negligence which are only reached by inference in the depositions and affidavit. If these allegations raise a factual issue, proximate cause may be inferred from these facts and not by an inference from an inference. (2) The complaint specifically alleges proximate cause as a fact. We must consider the complaint because if it raises a factual issue as to proximate cause, summary judgment was improper.

In Pederson v. Lothman, 63 N.M. 364, 320 P.2d 378 (1958) the plaintiff alleged a contract and asked for its specific performance. His deposition established that the relationship between plaintiff and defendant did not amount to a contract. In holding that summary judgment was proper, and thus that the allegations of the complaint did not raise a factual issue, the opinion states:

"* * * It must be borne in mind that a summary judgment amounts to more than a motion to dismiss for failure to state a claim upon which relief may be granted; it is by its own terms a judgment. The court goes beyond the allegations of the complaint and determines whether a claim can in reality be supported on the grounds alleged, and

whether a controversy as to an issue of fact exists as to the statements of the complaint."

The *Pederson* result is consistent with the statements in 6 Moore, Federal Practice ¶ 56.11 [3] (2d ed. 1966):

> at 2167: "* * * Summary judgment should be rendered, even though an issue may be raised formally by the pleadings, where the supporting affidavits [And other extraneous materials, if any such as, for example, depositions and admissions] and the opposing affidavits, if any, show that there is no genuine issue of material fact."

> at 2170: "Stubborn reliance upon allegations and denials in the pleadings will not alone suffice, when faced with affidavits or other materials showing the absence of triable issues of material fact."

The reason pleading allegations will not raise an issue of fact once the moving party, prima facie, shows there is no genuine issue as to a material fact is stated in Spears v. Canon de Carnue Land Grant, supra. There it is stated:

> "* * * The party opposing a motion for summary judgment cannot defeat the motion and require a trial by the bare contention that an issue of fact exists, but must show that evidence is available which would justify a trial of the issue. * * *"

■ Once defendant made a showing that there was no genuine issue as to proximate cause, plaintiff was required to show that evidence was available to justify a trial on that issue. The "bare contentions" of the complaint were not a showing of "evidence available" and thus did not raise a factual issue as to proximate cause.

Here, however, the complaint is verified by plaintiff's attorney. Does this make a difference?

The verification of the complaint is a statement that the contents of the complaint are true; thus, in effect, an affidavit. Paragraph (e) of our summary judgment rule, § 21-1-1(56)(e), N.M.S.A. 1953, both before and after the 1969 amendment, states in part:

> "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * *"

6 Moore, supra, ¶ 56.11 [3] at 2176 states:

> "* * * A verified pleading should have no greater effect than an affidavit. And, as previously pointed out, Rule 56 (e) demands that both supporting and opposing affidavits be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that affiant is competent to testify to the matters stated therein. To the extent that a verified pleading meets that requirement then it may properly be considered as equivalent to a supporting or opposing affidavit, as the case may be. Usually it will not. And in that event we believe that the verified pleading should have no greater effect than an unverified pleading has in a summary judgment proceeding."

Here, the verified pleading does not meet the requirements for an affidavit under § 21-1-1(56) (e), supra. To the extent the verification is on information and belief, it is not made with personal knowledge. Automatic Radio Mfg. Co. v. Hazeltine Research, 339 U.S. 827, 70 S.Ct. 894, 94 L.Ed. 1312, 14 FR Serv. 56(e).1, case 2 (1950), overruled on other grounds, 395 U.S. 671 (1969); Kern v. Tri-State Insurance Company, 386 F.2d 754, 11 FR Serv.2d 56e.51, case 7 (8th Cir. 1967); American Securit Company v. Hamilton Glass Company, 254 F.2d 889, 25 FR Serv. 56c.39, case 1 (7th Cir. 1958). To the extent the verification asserts that the statements in the complaint are true, the verification is insufficient as an affidavit because there is no affirmative showing that the attorney is competent to testify as to those matters. F. S. Bowen

Electric Co. v. J. D. Hedin Construction Co., 114 U.S.App.D.C. 361, 316 F.2d 362, 6 FR Serv.2d 56e.11, case 1 (1963); American Securit Company v. Hamilton Glass Company, supra.

Because the verified pleading does not meet the affidavit requirements of § 21-1-1 (56) (e), supra, it has no greater effect than an unverified pleading. As an unverified pleading, the complaint does not raise a factual issue as to proximate cause.

*Asserted admitted liability.*

After the accident, defendant's acting manager took plaintiff to the hospital. Plaintiff, in her deposition, testified that a nurse and a doctor, separately, inquired about insurance. According to plaintiff the acting manager, in response to each inquiry, stated that the bills should be sent to Safeway; "We'll take care of it, * * Safeway will pay for them."

Plaintiff asserts this deposition testimony shows an admission of liability that defeats summary judgment. We disagree.

The record shows no objection on the basis that the testimony as to the acting manager's alleged statements was hearsay. Thus the fact that plaintiff's testimony was hearsay did not exclude that testimony from consideration. Kitts v. Shop Rite Foods, 64 N.M. 24, 323 P.2d 282 (1958).

Annot., 20 A.L.R.2d 291 (1951) indicates that generally an offer or promise to pay medical expenses of an injured party is not admitted as an admission of liability. However, the annotation also indicates the circumstances surrounding the offer or promise may be such as to make the offer or promise admissible. We need not decide whether the promise of payment of medical bills was admissible as evidence of liability or, if not, whether the surrounding circumstances, as shown by the depositions, made the promise admissible. Rather, we assume the promise was admissible and could properly be considered in connection with the motion for summary judgment. We note in workmen's compensation cases, payment of compensation is an admission against interest by the employer or insurer. See Johnson v. J. S. & H. Construction Co. (Ct.App.), 81 N.M. 42, 462 P.2d 627, decided December 5, 1969.

Although we assume plaintiff's testimony as to the acting manager's alleged statements was admissible, such testimony does not raise an issue of fact as against defendant. Plaintiff made no showing that the acting manager had authority to make the statements attributed to him. Absent a showing of the acting manager's "speaking authority", the alleged statements of the acting manager could not be considered as admissions by defendant. Kitts v. Shop Rite Foods, supra; Seal v. Safeway Stores, 48 N.M. 200, 147 P.2d 359 (1944).

Here, defendant had made a prima facie case entitling him to summary judgment because the depositions and affidavit raised no factual issue concerning proximate cause. With that showing, plaintiff had the burden of showing there was a factual issue. Burden v. Colonial Homes, Inc., 79 N.M. 170, 441 P.2d 210 (1968). She did not do so, either by the verified complaint or her testimony as to the acting manager's statements.

The summary judgment is affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.