No. 12369

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

FRANK J. SCHULTZ,

Plaintiff and Respondent,

-vs-

RICHARD CHARLES ADAMS and DAVID AMSK,

Defendants and Appellants.

---

Appeal from: District Court of the Sixth Judicial District,
Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

For Appellants:

Bennett and Bennett, Bozeman, Montana
Lyman H. Bennett Jr. and Lyman H. Bennett, III argued,
Bozeman, Montana

For Respondent:

Berger, Anderson, Sinclair and Murphy, Billings
Montana
Arnold A. Berger argued, Billings, Montana

---

Submitted: February 28, 1973

Decided: MAR 14 1973

Filed: MAR 14 1973

Thomas J. Kearney
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from an order granting summary judgment in an action for personal injuries as the result of an automobile accident. The order was granted by the district court upon motion by the respondent in the district court of Park County. It was ordered by the court:

> " * * * That Plaintiff's Motion for Summary
> Judgment, be, and the same is hereby granted,
> on the question of liability in this case."

This motion was made on July 26, 1972, pursuant to Rule 56, M.R.Civ.P., in particular that portion of subsection (c), which reads:

> " * * * A summary judgment, interlocutory in
> character, may be rendered on the issue of lia-
> bility alone although there is a genuine issue
> as to the amount of damages."

The motion was opposed by the appellants and a hearing had and the district court entered its order on August 18, 1972. This appeal followed.

The controlling issue in this case is whether the order is an appealable order. Respondent has filed a motion request- ing that the appeal be dismissed. The ground for this motion is that the order was a summary judgment which is not an appeal- able order. The appellants resist the motion, contending that under Rule 1(a), M.R.App.Civ.P., this is a final judgment. They urge this Court to adopt as a definition of "a final judgment" the meaning given to that term by Chief Justice Brantly in State ex rel. Heinze v. Dist. Ct., 28 Mont. 227, 234, 72 P. 613, where- in he held:

> "'* * * A judgment that is conclusive of any question
> in a case is final as to that question.'"

This Court must point out that the decision in that case was made under the code practice system and to make such a holding in this

- 2 -

is the effect which the rule states. Therefore we must hold that the order by the district court was in effect an "interlocutory summary adjudication", and as a result it is not an appealable order.

In State ex rel. G.F. Nat. Bk. v. District Court, 154 Mont. 336, 463 P.2d 326, an original proceeding seeking a writ of supervisory control, we held:

> "The first issue involves procedural matters only. Relator here seeks supervisory control to review two orders of the district court: * * * and (2) the order granting plaintiff summary judgment on the issue of liability. These orders are not directly appealable, neither being denominated an appealable order in Rule 1, M.R.App.Civ.P., presumably because each is interlocutory in character and reviewable on appeal from final judgment."

While we further held in that case that an appeal from that final judgment would impose undue hardship on the relator and would be wholly inadequate as a remedy, we do not feel that such a situation exists in this cause.

Case law arising under the Federal Rule and which is applicable here due to the identical language supports this decision. In a case where the United States District Court entered judgment for plaintiff and ordered the case to proceed to trial on the issue of damages, the court of appeals, in granting a motion to dismiss the appeal held:

> " * * * The motion must be granted since the order appealed from, although it determines the liability of the defendant to the plaintiff, will not become a final adjudication of the controversy between them until the damages to which the plaintiff is entitled have been assessed." Russell v. Barnes Foundation, 136 F.2d 654, 655 (3d. Cir. 1943).

This same result was reached in Tye v. Hertz Drivurself Stations, 173 F.2d 317 (3d Cir. 1948), on the question whether the appeal had been timely filed, the court held that the time would not run from the date of entry of the "partial summary judgment", on the issue of liability for overtime wages, because the order

- 4 -

case would do serious harm to the intent of the Montana Rules of Civil Procedure.

It is apparent after extensive research that the drafters of the Federal Rules and the Montana Rules of Civil Procedure had a different result in mind than that urged by the appellants. The wording of the federal rule and last sentence of subsection (c) of Rule 56, M.R.Civ.P. are identical. Professor Moore in his treatise on Federal Practice writes:

> " * * * If, however, there is no genuine issue of material fact relative to defendant's liability and claimant is entitled to a favorable adjudica- tion thereon as a matter of law, but there is a genuine factual issue as to the amount of damages that are recoverable, the court may summarily ad- judicate the issue of liability, and remit the issue of damages for trial. In that event the summary adjudication in favor of the claimant is interlocutory, as the Rule states, and non-appeal- able, unless there is some special statutory pro- vision authorizing an appeal from such an inter- locutory order." 6 Moore's Federal Practice, 2d., ¶ 56.18, pages 2732-2733.

Following the clear wording of the rule this Court cannot see how one can reach any other conclusion than that expressed above. The rule clearly states that a judgment made pursuant to the rule is "interlocutory in character". Black's Law Dictionary, 4th Ed. 1968, defines interlocutory in the following manner: "Provisional; temporary; not final". Under our system of prac- tice such an order is not appealable unless there is some special provision making it so. Such a special provision if it existed would be found in Rule 1, M.R.App.Civ.P., subsections (b) and (c). In reading those sections this Court is of the opinion that nothing contained therein would permit the appeal of the instant order.

While the order of the district court sets out no specific authority for its decision, this Court will presume it was made in reliance upon Rule 56(c), M.R.Civ.P. The effect of the order

- 3 -

was not final.

In a suit to recover for advance payments for goods bought the Court of Appeals held in Leonidakis v. International Telecoin Corp., 208 F.2d 934, 936 (2d Cir. 1953), in dismissing the appeal:

> " * * * Moreover, the specific authority for enter-
> ing a partial summary judgment on the issue of
> liability alone, leaving the issue of damages for
> trial, is F.R. 56(c), which designates this type
> of summary judgment as 'interlocutory in character.'
> The appeal is therefore premature."

This is not to say that the appellants are foreclosed from ever presenting these issues on appeal. Professors Wright and Miller, Federal Practice and Procedure, Civil § 2715, p. 422, in their treatise discuss this issue:

> " * * * Similarly, an interlocutory summary judg-
> ment on the issue of liability, which is authorized
> by the last sentence in Rule 56(c), is not appeal-
> able until after the damage issue has been resolved."

For the foregoing reason the motion of the respondent to dismiss the appeal is granted and this appeal is ordered dis-missed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Associate Justices