512 P.2d 1251

**AETNA LIFE INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Bettye H. NIX, Defendant-Appellant.**

**No. 9549.**

Supreme Court of New Mexico.

July 13, 1973.

Rehearing Denied Aug. 14, 1973.

**416**

Privette & Arthur, Las Cruces, for defendant-appellant.

Bivins & Weinbrenner, Jerald A. Valentine, Las Cruces, for plaintiff-appellee.

## OPINION

MARTINEZ, Justice.

On April 5, 1969, William E. Nix, husband of defendant-appellant, was injured while riding a horse. He was thrown to the ground, rendered unconscious, and never regained consciousness. The plaintiff-appellee, Aetna Life Insurance Company (Aetna), by its group health insurance policy, insured defendant-appellant Bettye H. Nix and her husband. The policy did not cover an injury related to employment.

Bettye Nix erroneously represented that the injury suffered by her husband, for which claim was made, was not related to his employment. As a result of these representations, Aetna made payments covering the expenses of the doctors and hospital. This suit was brought in the District Court of Dona Ana County to recover the amount of the payments made under the terms of the policy. Judgment was for the plaintiff in the amount of $5,995.38. Defendant, Bettye Nix appeals.

Appellant claims that the trial court erred in making findings of fact as submitted by the plaintiff, and in refusing to make findings of fact requested by defendant and that the court erred in finding that the policy did not extend coverage to her husband. She further contends that plaintiff failed to state and prove a cause of action against defendant.

Pursuant to Rule 36, Rules of Civil Procedure of the State of New Mexico, Sec. 21–1–1(36), N.M.S.A., 1953, plaintiff served upon defendant a written request for the admission of facts and genuineness of documents. This request was never answered. Thus, each of the matters included in this request were deemed admitted. On the basis of these deemed admissions and an affidavit of Robert Byrdson, the supervisor of Aetna's group claim department, the court granted plaintiff's motion for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure of the State of New Mexico, § 21–1–1(56), N.M.S.A., 1953. The court ordered that all the allegations of plaintiff's complaint exist without controversy and further ordered that the case proceed to trial with the plaintiff having to establish only the amount of its damages and the defendant having to establish her affirmative defenses. Because the trial court entered a partial summary judgment, as authorized under § 21–1–1(56)(a), N.M.S.A., 1953, the court order is not a final judgment and, therefore, is not appealable. Kam Koon Wan v. E. E. Black, Ltd., 182 F.2d 146 (9th Cir. 1950).

By virtue of Rule 36, supra, appellant admits that her husband's injuries occurred within the course and scope of his employment, and that appellant indicated in her statement of claim that the injury was not related to the employment of her husband.

It was Aetna's mistake as to this fact, a mistake induced by the erroneous statements in appellant's claims, that resulted in Aetna's paying to or on behalf of Bettye Nix benefits claimed by her to be owed under the insurance contract.

Fraud of Bettye Nix in the inducement of payment by Aetna is not an issue in this action. The question here is whether Aetna was mistaken in fact as to whether the injury was related to employment. The evidence is clear that there was such a mistake. Three of the statements of claim, including the original one prepared by Bettye Nix, indicated that the injury was not related to employment. Aetna made payments based upon the representations in these claims.

In Modisette v. Foundation Reserve Ins. Co., 77 N.M. 661, 667, 427 P.2d 21, 25 (1967) this Court stated:

"The general rule, and the rule consistent with principles of contract and the duty of fair dealing which is the duty imposed upon both the insurer and the insured, is that if misrepresentations be made, or information withheld, and such be material to the contract, then it makes no difference whether the party acted fraudulently, negligently, or innocently." (Citations Omitted)

■ Whether fraudulently or innocently, Mrs. Nix did represent to Aetna that her husband's injury was not related to his employment. These representations induced Aetna to make payments. An insurer that has made a payment under an erroneous belief induced by a mistake of fact that the terms of the contract required such payment is entitled to restitution from the payee. 167 A.L.R. 470, 472 (1947); 44 Am.Jur.2d Insurance, § 1806 (1969); 58 C.J.S. Money Received § 16 (1948).

Three drafts totalling an amount of $672.26, paid out by Aetna to Bettye H. Nix were admitted into evidence by the trial court without objection. However, a fourth draft in the amount of $5,323.12 was paid out by Aetna directly to Providence Memorial Hospital of El Paso, Texas. This draft was admitted into evidence over the objections of defendant.

■ The court found, that as part of the total amount paid, the sum of $5,323.12 was paid by Aetna directly to Providence Memorial Hospital, El Paso, Texas; that the benefits under the group insurance policy to the extent of the bill of Providence Memorial Hospital were assigned to that hospital; that the services provided by Providence Memorial Hospital were for William E. Nix; and that Bettye H. Nix authorized that hospital to file its claim directly to Aetna for payment under the group insurance policy. It is standard procedure and custom in appellee's business to pay directly to the assignee when there is an assignment of the claim. However, it is uncontested that appellee paid the sum of $5,323.12 directly to Providence Memorial Hospital. Regardless of any possible assignment or standard insurance custom and procedure, Mrs. Nix was not the payee of the $5,323.12 check. Consequently, the appellee, having paid $5,323.12 to the hospital induced by a mistake of fact, has committed a second mistake in suing the wrong party. In order to claim restitution, the appellee must demonstrate that the appellant possesses money which belongs to it. 58 C.J.S. Money Received § 4 (1948). If appellee fails to show that appellant holds its money, it cannot recover. Id. Clearly, two mistakes do not make a right.

There is sufficient evidence whereby a finder of fact could conclude that Mrs. Nix received three drafts totalling an amount of $672.26. However, because Mrs. Nix did not receive the check for $5,323.12, the trial court's judgment awarding $5,995.38 is reversed, and a judgment awarding the sum of $672.26 to appellee is hereby ordered.

The judgment of the trial court is reversed and remanded for further action consistent herewith.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.