633 P.2d 706

**Fred W. POORBAUGH, Plaintiff-Appellee,**

v.

**Leo M. MULLEN, Defendant-Appellant.**

**No. 4508.**

Court of Appeals of New Mexico.

Jan. 20, 1981.

Wollen & Segal, a Professional Corp., Roland T. Taylor, Albuquerque, for plaintiff-appellee.

Michael G. Rosenberg, Albuquerque, Pickard & Singleton, Lynn Pickard, Santa Fe, for defendant-appellant.

## OPINION

LOPEZ, Judge.

Plaintiff, Fred Poorbaugh, sued Leo Mullen for defamation and emotional distress

resulting over a real estate transaction in which Mullen was the purchaser and Poorbaugh the broker or vendor. Defendant counterclaimed for fraud, breach of fiduciary duty, wrongful forfeiture, and related claims arising out of the same real estate transaction. The trial court ordered Summary judgment in favor of plaintiff's complaint and dismissed defendant's counterclaims. We reverse.

The issues on appeal are whether the Summary judgment was proper and whether the counterclaims should have been dismissed. We hold that both actions were in error. Summary judgment was improper because 1) there are genuine issues of material fact in dispute and 2) defendant is not collaterally estopped from litigating any of the issues by the final judgment in a prior lawsuit between Poorbaugh and the New Mexico Real Estate Commission. In addition the counterclaim for wrongful forfeiture states a proper cause of action.

The sale of land, from which this lawsuit arises, was for 160 acres of land in Rio Arriba County. The record indicates that, in August 1975, Poorbaugh bought the land from Melecio Lopez and Lopez's former wife for $80,000 and immediately sold it to Mullen for $125,000. According to Mullen, Poorbaugh was not the seller, but was Mullen's real estate agent, the Lopezes being the actual sellers. He maintains that Poorbaugh represented that the $125,000 was the price the Lopezes wanted and that he, Mullen, agreed to having the papers in Poorbaugh's rather than Lopez' name because he understood the Lopezes wanted it that way. It is undisputed that Poorbaugh paid the Lopezes a $33,500 down payment after he had received this amount from Mullen. Poorbaugh's version of the events is that Mullen always knew that Poorbaugh was acting on his own behalf, and that on learning of the amount of profit Poorbaugh made on the sale, he became angry and began to harass Poorbaugh with charges of fraud in letters threatening criminal prosecution. Poorbaugh asserts these charges were made to various other parties as well, including the Albuquerque National Bank. Mullen admits that he contacted the bank,

which then refused to act as escrow agent on the Poorbaugh-Mullen contract. He also complained of Poorbaugh's conduct to the New Mexico Real Estate Commission, which, after a hearing where it found that Poorbaugh had failed to reveal to Mullen that he owned the Lopez property and had breached his duty as a broker in other ways, revoked Poorbaugh's license. The appeal of this decision resulted in an eventual reversal by the Bernalillo County District Court in Cause No. 12–76–00519, *Poorbaugh v. New Mexico Real Estate Commission.*

Because Mullen failed to pay Poorbaugh personally the first installment due on their contract, Poorbaugh declared a forfeiture and recorded the deed back to himself, thereby causing Mullen to lose his $33,500 down payment. On the advice of an attorney, Mullen had tendered the installment to the First National Bank in La Jara, Colorado, which was handling the collection on the Lopez-Poorbaugh contract. The Albuquerque National Bank, designated escrow agent on the Poorbaugh-Mullen contract, had refused to handle the escrow.

■■ *Genuine issues of disputed facts.* Summary judgment is proper only if there is no genuine issue as to any material fact or the moving party is entitled to judgment as a matter of law. N.M.R.Civ.P. 56(c), N.M.S.A.1978; *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972). If the evidence is sufficient to create a reasonable doubt as to the existence of a genuine issue, summary judgment cannot be granted. *Pharmaseal Laboratories, Inc. v. Goffe,* 90 N.M. 753, 568 P.2d 589 (1977). All reasonable inferences are to be made in favor of the party opposing summary judgment. *C & H Construction & Paving Co. v. Citizens Bank,* 93 N.M. 150, 597 P.2d 1190 (Ct.App.1979); *Smith v. Klebanoff,* 84 N.M. 50, 499 P.2d 368 (Ct. App.), *cert. denied,* 84 N.M. 37, 499 P.2d 355 (1972). With these principles in mind, we examine the pleadings and depositions before us. Both parties verified their pleadings, which are thus treated as affidavits. *See, Rekart v. Safeway Stores, Inc.,* 81 N.M. 491, 468 P.2d 892 (Ct.App.1970).

■ Disputes involving genuine issues of material facts exist with respect to both the claims and counterclaims. Poorbaugh is suing for defamation and intentional infliction of emotional distress. One of Mullen's defenses is that what he said was true. This dispute raises factual issues as to whether Poorbaugh did defraud Mullen. Fraud is a misrepresentation of a fact, known by the maker to be untrue, made with the intent to deceive and to induce the other party to act upon it, and upon which the other party relies to his detriment. *Unser v. Unser*, 86 N.M. 648, 526 P.2d 790 (1974). There is a factual issue of whether any misrepresentations were made by Poorbaugh to Mullen. If Poorbaugh was acting as a real estate broker, he may be liable as a fiduciary. *Iriart v. Johnson*, 75 N.M. 745, 411 P.2d 226 (1965), and the elements necessary to prove fraud are somewhat modified. *See, Unser; Barber's Super Markets, Inc. v. Stryker*, 84 N.M. 181, 500 P.2d 1304 (Ct. App.), *cert. denied*, 84 N.M. 180, 500 P.2d 1303 (1972). The question of whether Poorbaugh was acting as broker or as seller is contested by the parties, and this is a material factual issue. Poorbaugh claims that Mullen acted maliciously in accusing him of fraud before other people. The existence of malice is a question of fact. *See, El Paso Natural Gas Co. v. Kysar Insurance Agency, Inc.*, 93 N.M. 732, 605 P.2d 240 (Ct.App. 1979). Mullen claims that Poorbaugh intended to deceive him. Intent is also a question of fact. *See, Maxey v. Quintana*, 84 N.M. 38, 499 P.2d 356 (Ct.App.1972), *cert. denied*, 84 N.M. 37, 499 P.2d 355 (1972). The dispute over these genuine and material issues of fact precludes summary judgment, unless, as a matter of law, these issues have already been litigated and decided in favor of Poorbaugh.

■ *Collateral estoppel.* Poorbaugh asserts that Mullen is estopped from litigating the issue of whether Poorbaugh acted as a real estate agent in the transaction by the court's finding in the earlier case between Poorbaugh and the New Mexico Real Estate Commission that Poorbaugh was not acting as a broker, but sold the land for himself. Collateral estoppel bars the relitigation of issues and facts which were actually litigated, *C & H Construction & Paving Co.*, and were necessary to support the judgment in a prior litigation with a different cause of action. *Atencio v. Vigil*, 86 N.M. 181, 521 P.2d 646 (1974). It is necessary in New Mexico that the parties in the second suit be those of the first suit, *State v. Rogers*, 90 N.M. 604, 566 P.2d 1142 (1977); *Atencio; El Paso Natural Gas Co.*, or in privity with them. *C & H Construction & Paving Co.* Since Mullen was not a party, nor in privity with the New Mexico Real Estate Commission which was a party in the first suit, collateral estoppel does not apply.

■ Poorbaugh urges that Mullen, in that he testified before the New Mexico Real Estate Commission and failed to allege an agreement concerning a real estate commission, should be estopped in the present case from claiming that Poorbaugh acted as a broker. In effect, Poorbaugh is forwarding the adoption of the rule that, in certain circumstances, a non-party who participates in litigation is estopped from relitigating the same issues in a future suit.

> If a non-party who thus participates in litigation has an interest sufficiently close to the matter in litigation, and has adequate opportunity to litigate in support of or in defense against the cause of action on which the suit is based, the policies underlying the doctrine of judicial finality require that the participating non-party should be bound by the resulting judgment to the same extent as though he were a party to the action.

1B Moore's Federal Practice ¶ 0.411[6] at 1552 (2d ed. 1980); *see*, Restatement of Judgments § 84 (1942). We need not decide whether to adopt this rule in New Mexico at present. Even if it were the law here, Poorbaugh could not benefit from it. *Moore's* continues:

> Generally speaking, the rule as to participating non-parties requires that the non-party have control, or at least joint control of the prosecution or defense of the suit. And he must be able to control the

decision to appeal or not to appeal. Instigating litigation ... is not sufficient. Nor is a non-party's participation sufficient if he merely assists ... by procuring witnesses or evidence, unless, by such assistance, the non-party acquires the requisite degree of control.

*Moore's supra* at 1564–66. Moreover, the sufficiency of a non-party's control and participation is a question of fact. *Gerrard v. Larsen,* 517 F.2d 1127 (8th Cir. 1975); *Ransburg v. Automatic Finishing Systems, Inc.,* 412 F.Supp. 1357 (E.D.Pa.1976); *Watts v. Swiss Bank Corp.,* 27 N.Y.2d 270, 265 N.E.2d 739, 317 N.Y.S.2d 315 (1970). The burden of affirmatively proving sufficient control rests upon the party seeking to invoke the conclusive force of the judgment. *Ransburg; Moore's supra* at 1567. The facts adduced by Poorbaugh, that Mullen filed the complaint which instigated the proceedings of the Real Estate Commission that he testified before it and that Mullen and his attorney were present at the *de novo* hearing in the district court, would be insufficient to show Mullen had the requisite control in those proceedings to permit collateral estoppel to be used against him.

*Wrongful forfeiture.* Forfeiture should be avoided when possible. It is well established that forfeitures are not favored. *Hale v. Whitlock,* 92 N.M. 657, 593 P.2d 754 (1979); *Eiferle v. Toppino,* 90 N.M. 469, 565 P.2d 340 (1977); *Stamm v. Buchanan,* 55 N.M. 127, 227 P.2d 633 (1951). We can find no reason why Mullen's wrongful forfeiture counterclaim was dismissed. Clearly it was not part of the first suit between Poorbaugh and the Real Estate Commission. In the circumstances, the resolution of whether or not forfeiture was wrongful should be made only after a full trial.

Summary judgment should not have been granted on plaintiff's complaint, nor should defendant's counterclaim have been dismissed. The judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

WOOD, J., concurs.

SUTIN, J., specially concurs.

SUTIN, Judge (specially concurring).

I specially concur.

This case involves two litigious parties. After more than four years of having had hearings, procedures, pleadings, motions, depositions and affidavits thrown into the storm and stress of the wind's eye, they ended up with a summary judgment that misled and confused the parties and this Court. The parties and lawyers harassed the district judge and then presented him with a form of judgment to sign which was misleading to plaintiff and this court. "Summary judgment is a lethal weapon, and courts must be mindful of its aims and targets and beware of overkill in its use." *Brunswick Corporation v. Vineberg,* 370 F.2d 605, 612 (5th Cir. 1966). Condemnation of use of the summary judgment has long been prevalent in New Mexico with little effect. Waste of time, effort and expense in district court and appellate courts has been a cancer for which no remedy is presently available. Perhaps, summary judgment will be abolished.

On September 8, 1976, plaintiff sued defendant for damages for defamation, libel, duress and coercion. Defendant counterclaimed for false and fraudulent representations of various matters, alternatively, in six claims. On January 18, 1980, the trial court entered the following Summary Judgment:

The attorneys for the parties having appeared before the Court on December 17, 1979, pursuant to the motion of each party for Summary Judgment, the Court having heard the arguments of counsel and being otherwise fully advised to the circumstances,

IT IS HEREBY ORDERED that Summary Judgment, be and hereby is, *entered for the Plaintiff against the Defendant, and that each and all of the Defendant's counterclaims against the Plaintiff be, and they hereby are, dismissed.*

IT IS FURTHER ORDERED that the lis pendens filed in this cause by the

Defendant upon Plaintiff's property, be immediately released. [Emphasis added.]

The procedural events leading up to entry of summary judgment were as follows:

(1) On November 7, 1979, defendant filed a motion for summary judgment in which it sought an order granting defendant summary judgment against plaintiff *as to defendant's counterclaims.*

(2) On November 17, 1979, plaintiff filed a motion for summary judgment in which it sought dismissal of *defendant's counterclaims* against plaintiff for the reason that no question of fact existed and plaintiff was entitled to have *defendant's counterclaims* dismissed as a matter of law.

(3) Plaintiff gave notice that his motion for summary judgment would be heard on December 17, 1979.

(4) On December 17, 1979, defendant filed a motion that the court reconsider its "oral ruling of December 17, 1979, granting plaintiff's motion for summary judgment."

(5) Defendant's motion to reconsider was set for hearing on January 18, 1980. Plaintiff gave notice that "Defendant's pending motion for the Plaintiff's presentment of Summary Judgment for signature will be heard on January 18, 1980 . . . ."

On January 18, 1980, plaintiff's summary judgment, presented to the trial court, was signed and filed.

The summary judgment was intended to dispose only of *defendant's counterclaims.* These counterclaims were buried in the trial court. Plaintiff did not file a motion that summary judgment be "entered for the plaintiff against the defendant"; that plaintiff recover against defendant on three counts of plaintiff's complaint. Plaintiff's recovery against defendant on plaintiff's complaint was not an issue to be decided on January 18, 1980. Plaintiff's complaint remained alive and erect in the district court, is at issue and ready for trial.

Defendant's second point on appeal reads in pertinent part:

SUMMARY JUDGMENT WAS ERRONEOUSLY ENTERED *ON MR. POORBOUGH'S COMPLAINT BECAUSE MR.* *POORBOUGH NEVER MOVED FOR SUCH A SUMMARY JUDGMENT . . . .* [Emphasis added.]

The majority opinion states:

. . . The trial court ordered Summary Judgment in favor of plaintiff's complaint and dismissed defendant's counterclaims . . . .

\*   \*   \*   \*   \*   \*

Disputes involving genuine issues of material facts exist with respect to both the *claims* and counterclaims. [Emphasis added.]

The only issue on this appeal is whether any genuine issue of material fact exists with reference to defendant's counterclaims.

The summary judgment can be read to mean that it decided both plaintiff's claims and defendant's counterclaims. If so, defendant took no appeal from that portion of the summary judgment that was "entered for the plaintiff against the defendant." Furthermore, this portion of the summary judgment is not an appealable order.

Plaintiff sued defendant for damages. The summary judgment established liability but not damages. Rule 56(c) of the Rules of Civil Procedure provides in part that:

. . . A summary judgment, *interlocutory in character,* may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. [Emphasis added.]

The rule is uniform that Rule 56 is not intended to affect appeal jurisdiction. It does not make an interlocutory order appealable. A summary judgment in favor of plaintiff on the issue of liability alone is an interlocutory order and non-appealable. *Aetna Life Insurance Company v. Nix,* 85 N.M. 415, 512 P.2d 1251 (1973); *Schultz v. Adams,* 161 Mont. 463, 507 P.2d 530 (1973); *Wheatland Irrigation District v. McGuire,* 537 P.2d 1128 (Wyo.1975); *Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); *Tye v. Hertz Drivurself Stations,* 173 F.2d 317 (3d Cir. 1949); *Russell v. Barnes Foundation,* 136 F.2d 654 (3d Cir. 1943).

The interlocutory order entered does not fall within the orbit of § 39–3–4, N.M.S.A. 1978 which relates to appealable interlocutory orders.

A "partial" summary judgment is not a "judgment" within the meaning of Rule 54(a) of the Rules of Civil Procedure. The "partial" summary judgment rendered plaintiff rests in the trial court and does not become final until the issue of damages is decided by a trier of the fact. It is not subject to a determination in this appeal.

The defendant's and plaintiff's motions for summary judgment with reference to defendant's counterclaims were without foundation in fact and law. The district court should set this case for trial as soon as possible without recognition of any motions for continuances, delays or otherwise.