162

## CIRCUIT COURT OF FAIRFAX COUNTY

Aetna Casualty & Surety Co.

v.

Maryland Casualty Co.

Case No. (Law) 88562

By JUDGE JACK B. STEVENS

June 14, 1989

This matter is before the Court on defendant's Demurrer and Plea of the Statute of Limitations.

The Motion for Judgment alleges that Aetna has made compensation insurance payments to one Coleman for injuries on the job pursuant to an insurance contract effective December 20, 1985, the date of injury; that on October 14, 1986, Aetna discovered Coleman was not covered by the Aetna policy and that the compensation benefits should have been paid by Maryland Casualty pursuant to Maryland's policy effective December 20, 1985; that on October 30, 1986, Aetna made demand upon Maryland to take over the payments and reimburse Aetna for payments made; that in response, on November 19, 1986, Maryland refused to take any action; that Aetna paid, by mistake, in the belief that it was liable for the workman's compensation benefits; that such payment benefited and unjustly enriched Maryland Casualty and that Aetna is entitled to restitution.

Defendant's Demurrer is based upon the contentions that (1) in an action for restitution for money paid under mistake, the action must be brought against the actual recipient or payee of the money; (2) there can be no recovery for payments made under mistake of law;

and (3) there can be no recovery for a unilateral mistake on the part of Aetna.

While defendant cites *Aetna Life Insurance Company v. Nix*, 85 N.M. 415, 512 P.2d 1251 (1973), in support of contention (1), that case is distinguishable in that the defendant Nix, while not the payee, was also not benefited by the payment. The beneficiary of the payment was Nix's husband, the injured party. Here, Maryland most certainly benefited if it was relieved of a contractual obligation by the payment of Aetna. The Demurrer is overruled as to contention (1).

The Demurrer is sustained as to contentions (2) and (3). The Motion for Judgment is not clear whether a mistake in law or fact is being alleged. If a mistake in law, there can be no recovery. *Newton v. Newton*, 202 Va. 515 (1961). If a mistake in fact, the allegations as made here constitute a unilateral mistake of fact for which there likewise can be no recovery. *J & D Masonry v. Kornegay*, 224 Va. 292 (1982).

Defendant's Plea of the Statute of Limitations is overruled. The cause of action arose on October 14, 1986, when the "mistake" was discovered as contended by Maryland. Section 8.01-249, Code of Virginia (1950), as amended. The action itself, however, is based upon implied contract and subject to a three-year statute. Section 8.01-246, Code of Virginia (1950), as amended; *Hughes v. Foley*, 203 Va. 904 (1962). Suit here, being filed on January 6, 1989, is within the statutory period.

Mr. Coleman will please submit an Order reflecting the Court's ruling herein to Mr. Durkin for endorsement and presentment to the Court, preserving all objections and granting the plaintiff twenty-one days from the entry of the Order to file an Amended Motion for Judgment if it be so advised.

November 7, 1989

This matter is again before the Court on Defendants' Demurrer to the Second Amended Motion for Judgment.

This Motion for Judgment alleges that the insurance contract between the employer, GT Renaissance, and Maryland Casualty et al. provided that the employer was the agent of Maryland Casualty et al. for purposes of receiving

notice of the industrial accident involved. The other allegations of the Second Motion for Judgment, taken with that allegation, sufficiently allege a mutual mistake of fact if true. Since a Demurrer admits the truth of all facts expressly alleged, facts which are impliedly alleged and facts which may be fairly inferred from the facts alleged, the Demurrer must be overruled. *Duggin v. Adams*, 234 Va. 221 (1987).