# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>November 15, 2017</u>

**No. A-1-CA-36015**

**NEW MEXICO LAW GROUP, P.C.,**

Plaintiff-Appellee,

**v.**

**PAUL K. BYERS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

The New Mexico Law Group, P.C.
Robert N. Singer
Joseph K. Daly
Albuquerque, NM

for Appellee

Paul K. Byers
Albuquerque, NM

Pro Se Appellant

**OPINION**

**HANISEE, Judge.**

{1}     Defendant Paul Byers appeals an order denying his request to vacate an adverse summary judgment. This Court issued a calendar notice proposing to affirm, and Defendant has filed a memorandum in opposition to that disposition. Having duly considered that memorandum, we are unpersuaded and now affirm.

{2}     The sole question raised by this appeal is whether the district court properly denied Defendant's motion to vacate the previously entered order of summary judgment. *See James v. Brumlop*, 1980-NMCA-043, ¶ 9, 94 N.M. 291, 609 P.2d 1247 (noting that an appeal from the denial of a motion for relief from judgment "cannot review the propriety of the judgment sought to be reopened"). The denial of a motion to vacate a judgment is reviewed for abuse of discretion. *See L.D. Miller Constr., Inc. v. Kirschenbaum*, 2017-NMCA-030, ¶ 16, 392 P.3d 194. In this case, the discretionary question before the district court was whether Defendant's motion to vacate established grounds to relieve Defendant from the previously-entered final judgment.

{3}     On the merits, Defendant's motion to vacate asserted his constitutional right to a trial by jury and argued that the right to a jury cannot be overcome by procedural rules allowing for the entry of a summary judgment. The right to a jury in civil trials

is protected at the federal level by the Seventh Amendment to the United States Constitution, and in this state by Article II, Section 12 of the Constitution of the State of New Mexico. Despite the threshold constitutional guarantees, the grant of a motion for summary judgment does not, by itself, violate the right to a trial by jury. This is because neither the Seventh Amendment nor New Mexico's Constitution creates an absolute right to a jury trial in *all* civil cases, but instead merely preserved the existing common law right to have the facts of a case "tried by a jury." U.S. Const. amend. VII; *see* N.M. Const. art. II § 12 (securing "[t]he right of trial by jury as it has heretofore existed").

{4}     Although the question presented has not been directly answered in New Mexico, federal precedents long ago established that rules governing and permitting entry of summary judgment do not violate the right to have a jury decide a case; instead, summary judgment "prescribes the means of making an issue." *Fid. & Deposit Co. of Maryland v. United States*, 187 U.S. 315, 320 (1902). In other words, the summary judgment process differentiates issues, and sometimes cases, that may be resolved as matters of law from those to which a constitutional right to a jury exists. Thus, if "[t]he issue [is] made as prescribed, the right of trial by jury accrues." *Id.*

{5}     Further, in civil actions seeking only equitable remedies, as opposed to legal remedies, there is no right to a trial by jury because there was no such historical right in courts of equity. *Evans Fin. Corp. v. Strasser*, 1983-NMSC-053, ¶ 5, 99 N.M. 788, 664 P.2d 986. Thus, where legal and equitable claims are asserted in the same action, our courts have been careful to preserve the right to a jury on the legal claims, despite the fact that the equitable claims will be tried to the court without a jury. This distinction has forced courts to carefully examine what events at trial require the use of a jury. In *Blea v. Fields*, 2005-NMSC-029, ¶ 33, 138 N.M. 348, 120 P.3d 430, for instance, our Supreme Court held that the district court risked depriving a party "of her right to a jury trial on a disputed issue of fact underlying her legal claim[,]" by resolving a fact question relevant to both the legal and equitable issues in the case without employing a jury. *Id.* Thus, "[i]f there are disputed facts material to the disposition of both equitable and legal claims, the court's discretion to hear the equitable issues first must be narrowly exercised to preserve a jury trial on the disputed facts relevant to the legal issues." *Id.* ¶ 37.

{6}     Applying these basic principles to the present case, Defendant, like all litigants, was entitled to have a jury resolve any "disputed facts relevant to the legal issues" in this case. *Id.* Consistent with this, Rule 1-056 NMRA, limits the entry of summary judgment only to circumstances where there is no dispute regarding the material facts

of a case. *See Rekart v. Safeway Stores, Inc.*, 1970-NMCA-020, ¶ 1, 81 N.M. 491, 468 P.2d 892 (explaining that "[s]ummary judgment is not proper where there is the slightest issue as to a material fact"). As a result, Rule 1-056 cannot intrude upon the province of a jury, because it is the presence of disputed questions of fact that triggers the need for a jury's work.

{7} The rule specifically requires that the moving party list, in numbered paragraphs, every material fact of the case "as to which the moving party contends no genuine issue exists." Rule 1-056(D)(2). And, in order to defeat the motion, a responding party only needs to establish, by affidavit or otherwise, the existence of a dispute about any of those material facts. *See* Rule 1-056(D)(2), (E). Thus, in the process of ruling upon a motion for summary judgment, the district court is not called upon to invade "the province of the jury by deciding disputed facts." *Blea*, 2005-NMSC-029, ¶ 1; *see In re Kelly's Estate*, 1983-NMCA-018, ¶ 10, 99 N.M. 482, 660 P.2d 124 (noting that where there is any conflict "as to a material fact, summary judgment is improper and the question is for the jury").

{8} In this case, Plaintiff's motion for summary judgment appears to have complied with Rule 1-056. The undisputed facts accompanying that motion asserted that Defendant agreed to pay Plaintiff for legal services; Plaintiff provided such services, including representation in two criminal cases; and Defendant had not fully paid

Plaintiff's bill for those services, leaving an outstanding balance of $19,078.60. Defendant's response to the motion did not dispute any of those facts. Although Defendant's memorandum in opposition to our proposed disposition suggests that a review of the transcript below would uncover some unspecified factual dispute, he still does not dispute that he agreed to pay Plaintiff for services that were provided, and that he has not fully paid for those services. Ultimately, the only question before the district court when it ruled upon Plaintiff's motion for summary judgment was whether Plaintiff was entitled to judgment on the basis of those undisputed facts and, more importantly, there were no questions of fact for a jury to decide. *See Durham v. Sw. Developers Joint Venture*, 2000-NMCA-010, ¶ 45, 128 N.M. 648, 996 P.2d 911 ("In ruling upon a motion for summary judgment, it is not necessary for the court to adopt findings of fact and conclusions of law because the basic premise underlying an award of summary judgment is the absence of any genuine issue of material fact.").

{9}     Because the district court was not called upon to decide any question of fact in granting summary judgment, no jury trial was necessary in this case and no right to such trial was violated by the granting of a summary judgment. As a result, the district court's denial of Defendant's motion to vacate that summary judgment was proper. We, therefore, affirm the district court's order of September 20, 2016, denying Defendant's motion to vacate the previously entered summary judgment in this case.

{10}    **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**STEPHEN G. FRENCH, Judge**