This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42035**

**DOLORES ORTIZ,**

      Plaintiff-Appellant,

v.

**SDI: SANTA FE NO. 3, NEW MEXICO, LLC, D/B/A SONIC DRIVE-IN SANTA FE,**

      Defendant-Appellee,

and

**CANDICE MARTINEZ, PROGRESSIVE DIRECT INSURANCE COMPANY, and UNITED FINANCIAL CASUALTY INSURANCE COMPANY,**

      Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Bryan Biedscheid, District Court Judge**

Nieto Law Office, LLC
Arturo B. Nieto
Los Lunas, NM

for Appellant

Dixon Scholl Carrillo PA
Gerald G. Dixon
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**WRAY, Judge.**

**{1}** Plaintiff appeals from the district court's order granting Defendant's motion for summary judgment, contending that there existed a genuine issue of material fact about whether a row of trees on Defendant's property causally contributed to an accident between Plaintiff and a driver of a car. This Court issued a calendar notice proposing to affirm. Plaintiff filed a memorandum in opposition which included a motion to amend the docketing statement, which we have duly considered. Having considered Plaintiff's filing, we deny the motion to amend the docketing statement as nonviable, and affirm. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (stating that this Court will deny motions to amend that raise issues that are not viable), *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730

**{2}** Plaintiff maintains that the district court erred because the driver testified at her deposition that her "view would have been improved in the absence of the rows of trees," and that this statement creates a genuine issue of material fact about whether the row of trees could have causally contributed to the accident. [MIO unnumbered 2, ¶ 3] In this Court's notice of proposed disposition, we noted it was undisputed that (1) Plaintiff was able to see the car before the accident; (2) Plaintiff proceeded along the sidewalk because the car was stopped, although Plaintiff was unable to make eye contact with the driver because the windows were tinted; (3) the driver testified that she was looking down when the accident occurred; and (4) the driver testified that "nothing was obstructing her view that [she] could recall" when the accident occurred. [CN 2-3] Plaintiff does not direct this Court to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Plaintiff to our previous analysis in our proposed summary disposition.

**{3}** To the extent Plaintiff asserts that the district court's grant of summary judgment resolved factual disputes that should have been left for a jury to resolve [MIO unnumbered 2-4], we disagree. A district court does not resolve factual disputes when granting summary judgment. Rather, Rule 1-056 NMRA "limits the entry of summary judgment *only to circumstances where there is no dispute regarding material facts of a case.*" *N.M. Law Grp., P.C. v. Byers*, 2018-NMCA-023, ¶ 6, 413 P.3d 875 (emphasis added). Because it was undisputed that the row of trees did not causally contribute to the accident, there was no factual dispute that required a jury to resolve. *See id.* ("Rule 1-056 cannot intrude upon the province of a jury, because it is the presence of disputed questions of fact that triggers the need for a jury's work."). To the extent that Plaintiff contends that summary judgment here prevented further development of facts at trial that could show the row of trees causally contributed to the accident, Plaintiff was

required "to establish, by affidavit or otherwise, the existence of a dispute" of material facts in her response to Defendant's summary judgment motion, not wait until trial to do so. *See Byers*, 2018-NMCA-023, ¶ 7; Rule 1-056(E). Because it was undisputed that both Plaintiff's and the driver's view were unobstructed by the row of trees on Defendant's property, the district court was not called upon to resolve any question of fact such that summary judgment here was improper. *See Byers*, 2018-NMCA-023, ¶ 8.

**{4}**  Additionally, Plaintiff seeks to amend her docketing statement to raise the issue of "credibility of witnesses as a factor in [a] summary judgment determination" because the driver's "credibility of the issue remains an important function of the jury's fact[-]finding duties and should not be usurped in a misapplication of the summary judgment proceeding." [unnumbered MIO 5, ¶ 7] This proposed amendment reframes the argument in the original docketing statement and discussed previously—that the district court improperly resolved factual issues when granting summary judgment. Plaintiff contends that the district court implicitly and improperly credited the driver's testimony that nothing obstructed the view. But as discussed above, Plaintiff does not identify the evidence that was presented to the district court—as is required in response to a prima facie case for summary judgment—that would have created an issue of material fact about whether the trees obstructed Plaintiff's and the driver's view. *See* Rule 1-056(E) The driver's credibility was therefore not at issue

**{5}**  For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6}  IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**