**F I L E D**

**UNITED STATES COURT OF APPEALS**

**AUG 7 2000**

**TENTH CIRCUIT**

JOHN BURRELL,

      Plaintiff-Appellant,

v.

RICHARD BURRELL; ELVIRA J.
BURRELL,

      Defendants-Appellees.

No. 00-2031
(D.C. No. Civ-98-814 JP/DJS)
(D. N.M.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

Petitioner-Appellant John Haws Burrell ("Burrell"), a prisoner appearing

pro se, brought suit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) in

federal district court against Richard and Elvira Burrell ("appellees") for alleged

conversion, fraud, and deceit in violation of New Mexico law. The district court

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dismissed Burrell's complaint without prejudice after finding it lacked subject matter jurisdiction because Burrell failed to meet the amount in controversy requirement. Burrell appealed this determination. For the following reasons, we REVERSE and REMAND.

In his complaint, Burrell indicated his total actual damages amounted to $67,559.03, and he also requested treble punitive damages. (See ROA, Doc. 1.) After conducting informal discovery, appellees moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), and 28 U.S.C. 1915(E)(2) on November 18, 1999. In the alternative, appellees requested summary judgment pursuant to Federal Rule of Civil Procedure 56. Appellees asserted that Burrell failed to meet the $75,000 amount in controversy requirement set forth in 28 U.S.C. § 1332. Appellees attached a memorandum of law and an exhibit to the motion in support of this contention. (See id., Doc. 22.) The district court sua sponte deferred entering an Order of Dismissal for Burrell's failure to file a timely response to appellees' motions for thirty days. The court eventually dismissed Burrell's complaint for lack of subject matter jurisdiction on December 20, 1999, determining not only that Burrell's claim of actual damages was grossly exaggerated and without support, but that appellees provided unrefuted evidence suggesting there was no valid basis for an award of punitive damages. (See id., Doc. 33.)

The same day the court granted appellee's motion to dismiss, Burrell filed a motion for leave to file an amended complaint. Burrell sought to lower his request for actual damages to $55,729.57 and "costs and disbursements" but maintained his request for punitive damages. In support of the motion, he also included a list of unauthorized checks written by appellees on Burrell's account. (See id., Doc. 28.) Although the complaint had already been dismissed, the court considered the motion, but determined that neither Burrell's original complaint nor his motion demonstrated the amount in controversy reasonably exceeded $75,000. The court concluded subject matter jurisdiction was lacking and confirmed the case was properly dismissed without prejudice pursuant to 12(b)(1). (See id., Doc, 34.) We review de novo the district court's treatment of a 12(b)(1) motion to dismiss. Redmon v. United States, 934 F.2d 1151, 1155 (10th Cir. 1991).

We must first determine whether Burrell's complaint supports his claim of actual and punitive damages. "When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiff[] must show that it does not appear to a legal certainty that [he] cannot recover at least $[75],000." Watson v. Blankinship, 20 F.3d 383, 386 (10th Cir.1994). Burrell can satisfy this test by "alleg[ing] with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately

challenged, or if inquiry be made by the court of its own motion, [by] support[ing] the allegation." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L. Ed. 845 (1938).

A plaintiff's allegations in the complaint alone can be sufficient to support a claim for damages. "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." Gibson v. Jeffers, 478 F.2d 216, 221 (10th Cir. 1973). Our test to determine the sufficiency of a party's allegations is based on pleading in good faith. The jurisdictional amount can "only be in controversy if asserted by [plaintiff] in good faith, as jurisdiction cannot be conferred or established by colorable or feigned allegations solely for such purpose. If the amount becomes an issue . . . the trial court must make a determination of the facts." Emland Builders, Inc. v. Shea, 359 F.2d 927, 929 (10th Cir. 1966). The only way Burrell can meet the jurisdictional requirement is if punitive damages are included in the amount in controversy.

It is permissible for Burrell's claim of punitive damages to be included in the jurisdictional amount. See Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240, 64 S. Ct. 5, 6, 88 L. Ed. 15 ("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed

in determining jurisdictional amount"); see also Anthony v. Security Pac. Fin. Servs., Inc., 75 F.3d 311, 315 (7th Cir. 1996) (noting that a court may take a closer look where punitive damages make up the bulk of the amount in controversy); Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc., 98 F.3d 1241, 1245 (10th Cir. 1996). Thus, the district court did not err in considering Burrell's request to apply punitive damages to the amount in controversy requirement.

To obtain punitive damages under New Mexico law, a plaintiff must show a culpable mental state on the part of the wrongdoer. Conduct must rise to a willful, wanton, malicious, reckless, oppressive, or fraudulent level.[1] See Gillingham v. Reliable Chevrolet, 126 N.M. 30, 33, 966 P.2d 197, 200 (N.M. Ct. App. 1998); see also Clay v. Ferrellgas, Inc., 118 N.M. 266, 269, 881 P.2d 11, 14 (N.M. 1994). New Mexico courts have also determined that punitive damages are appropriate sanctions for fraud. Naranjo v. Paull, 111 N.M. 165, 803 P.2d 254, 261-62 (N.M. Ct. App.1990).

For a claim of fraud and deceit, New Mexico law requires "a false representation, knowingly or recklessly made with the intent to deceive, for the purpose of inducing the other party to act and on which the other party relies to his or her detriment." Estate of Gardner v. Gholson, 114 N.M. 793, 802, 845 P.2d

---

[1]A federal court sitting in diversity applies the substantive law of the forum state. Barrett v. Tallon, 30 F.3d 1296, 1300 (10th Cir.1994).

1247, 1256 (N.M. 1993); see also Hockett v. Winks, 82 N.M. 597, 598, 485 P.2d 353, 354 (N.M. 1971) (noting that the tort of deceit is also called "fraud and deceit"), overruled on other grounds by Duke City Lumber Co. Inc. v. Terrel, 88 N.M. 299, 540 P.2d 229 (N.M. 1975). Conversion is "the unlawful exercise of dominion and control over property belonging to another in defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made." Security Pac. Fin. Serv. v. Signfilled Corp., 956 P.2d 837, 842 (Ct. App. N.M. 1998). Burrell has sufficiently alleged the elements of both claims in his pleadings.

As noted above, Burrell sought "treble punitive damages" in his complaint. For his claim of fraud, punitive damages are the appropriate sanction. See Golden Cone Concepts, Inc., v. Villa Linda Mall, Ltd., 113 N.M. 9, 15, 820 P.2d 1323, 1329 (N.M. 1991), The same is true for the claim of deceit, which is one of the elements of fraud. See id. For conversion, the measure of damages is the property value at the time of the conversion plus interest. See Security Pac. Fin. Serv., 956 P.2d at 84.

There is no statutory limit to the amount of punitive damages a plaintiff may request. Nor are there specific guidelines this court can cite to conclude Burrell's request for three times the amount of his actual damages was proper or improper. In Vickrey v. Dunivan, 59 N.M. 90, 94, 279 P.2d 853, 856 (N.M.

1955), the Supreme Court of New Mexico stated that "[p]unitive damages are largely in the discretion of the jury, and they are presumed to be assessed as a measure of punishment for culpable conduct." The Court of Appeals of New Mexico, also noting that the damage assessment is left to the discretion of the fact finder, provides a more specific test to measure punitive damages. That court cited the analysis set forth in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L. Ed. 2d 809 (1996), which requires a court "to look at 1) the degree of reprehensibility of the conduct; 2) the ratio of the punitive award to the actual harm inflicted on plaintiff; and 3) a comparison between the punitive award and other sanctions that could be imposed for comparable misconduct." Weidler v. Big J Enterprises, Inc., 124 N.M. 591, 603, 953 P.2d 1089, 1101 (N.M. Ct. App. 1997). The New Mexico court further stated that "[i]n economic injury cases, if the damages are significant and the injury not hard to detect, the ratio of punitive damages to the harm generally should not exceed ten to one." Id. at 604, 953 P.2d at 1102.

We find no need to conduct a mini-trial to approximate the value of a punitive damage award. Burrell has not only pled the elements of fraud and deceit, but he has alleged that appellees' conduct was fraudulent to substantiate his claim of punitive damages. In his motion for leave to file an amended complaint, he requested $55,729.57 in actual damages. A punitive award of 40%

of the actual award would satisfy the jurisdictional minimum. This is far less than what Burrell requested in his complaint, and below what is potentially recoverable under the law. Thus, without making a determination that Burrell is entitled either to a specific punitive damage award or to any damages at all, we conclude that he has satisfied the jurisdictional requirement of $75,000.

The district court purported to dismiss Burrell's claim under 12(b)(1) for lack of subject matter jurisdiction. The court considered documents appellees attached to their motion to dismiss to conclude that Burrell had exaggerated his claims and that appellees' conduct did not raise to a level to warrant punitive damages. (See ROA, Doc. 23.) Although not all 12(b)(1) motions are converted into Rule 56 motions just because there is a reference to outside material, we have held that such a 12(b)(1) motion is converted into a Rule 56 motion when the jurisdictional question is "intertwined with the merits of the case." Wheeler v. Hurdman, 825 F.2d 257, 259 (10th Cir. 1987). That is the situation here. We therefore conclude that the district court in this case, instead of dismissing the action on a 12(b)(1) motion, in fact granted summary judgment for appellees pursuant to Rule 56. Under Rule 56, however, the court must give the opposing party notice that the motion to dismiss has been converted to summary judgment, and permit that party an opportunity to present opposing affidavits. This is

because a grant of summary judgment resolves the issue on the merits, and a case is dismissed with prejudice.  See Wheeler, 825 F.2d at 259 n.5.

We see no evidence here that the district court gave notice to Burrell that appellees' 12(b)(1) motion to dismiss was converted to a motion for summary judgment.  Because there appears to be a genuine dispute of material fact as to the amount in controversy and because it does not appear that proper notification was given to Burrell under Rule 56, we conclude that the motion was granted improperly.  Accordingly, we REVERSE the judgment by the district court on the motion to dismiss and REMAND the matter for further proceedings.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge