This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**The Estate of VICTOR CONTRERAS**
**and VICTORIA AGUIRRE, Individually,**

     Plaintiffs-Appellants,

v.                              **NO. 29,195**

**FARMERS INSURANCE COMPANY**
**OF ARIZONA, a foreign corporation,**

     Defendant,

and

**FIESTA BEVERAGES, INC. d/b/a**
**TUMBLEWEED STEAKHOUSE,**

     Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Geraldine Rivera, District Judge**

Chavez Law Offices, P.A.
Gene N. Chavez
Albuquerque, NM

for Appellants

Sheehan, Sheehan & Stelzner, P.A.
Robert P. Warburton
Juan L. Flores

Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Plaintiffs appeal from an order of the district court granting Fiesta Beverages, Inc., d/b/a Tumbleweed Steakhouse (Fiesta) summary judgment. Plaintiffs contend that the summary judgment was improper because Fiesta was not a party to the litigation when it filed the motion for summary judgment and because the motion was granted without allowing Plaintiffs to file a response to the motion. We disagree and affirm.

**Background**

Because the parties are familiar with the factual and procedural background of this case and, because this is a memorandum opinion, we do not provide a detailed description of the events leading to this appeal. The following are the essential facts, as we view them.

The complaint alleges that a wedding reception was held at the Tumbleweed Steakhouse and one of the guests was served alcohol when it was apparent that he was intoxicated. The complaint asserts this proximately caused the death of Plaintiff's decedent when a vehicle driven by the guest, in which he was a passenger, was in a rollover accident.

The complaint named Tumbleweed Steakhouse, Inc., as a defendant, and Plaintiffs served Antonio Bilotto, the sole owner of Tumbleweed Steakhouse, Inc. However, the Tumbleweed Steakhouse is not operated by Tumbleweed Steakhouse,

Inc. It is owned and operated by Fiesta. Mr. Bilotto is also the sole owner and registered agent for Fiesta, and when he received the summons and complaint it was apparent to him and his attorney that Plaintiffs intended to name Fiesta. Thus, Fiesta's counsel filed the answer on behalf of the Tumbleweed Steakhouse as the entity doing business for Fiesta, and the answer specifically denied that Tumbleweed Steakhouse, Inc., was a proper party to the lawsuit. Following discovery and communications between counsel, it became clear that Fiesta was the party that owned and operated the Tumbleweed Steakhouse, and counsel agreed to formally make Fiesta a defendant. Plaintiffs' counsel sent Fiesta's counsel a motion seeking to amend the complaint to add Fiesta as a defendant. However, counsel could not agree on whether Tumbleweed Steakhouse, Inc., should remain a party.

On May 28, 2008, Plaintiffs filed a motion to add Fiesta as a defendant. Fiesta responded that it had no objection to the motion since it operates the Tumbleweed Steakhouse and owns the liquor license, but it objected to Tumbleweed Steakhouse, Inc., remaining in the case. The district court advised counsel at the hearing on this motion (held on July 1, 2008), that the proper course to follow was for Tumbleweed Steakhouse, Inc., to file a motion to dismiss.

Thus, Tumbleweed Steakhouse, Inc., filed a motion for summary judgment on July 28, 2008, and the motion was heard on October 22, 2008. At this hearing, Fiesta repeated that it did not oppose substituting Fiesta for Tumbleweed Steakhouse, Inc. Plaintiffs' counsel also said he believed that the district court had granted the motion to add Fiesta as a defendant, but that he had simply failed to follow up and prepare an

4

order formally granting the motion. The district court granted summary judgment in favor of Tumbleweed Steakhouse, Inc., and dismissed Tumbleweed Steakhouse, Inc., from the suit. In its order, dated October 27, 2008, the district court also stated that Fiesta properly answered the complaint, that Fiesta was the proper defendant, and denied Plaintiffs' motion to strike the answer.

Plaintiffs responded by filing a motion to withdraw the motion to amend on October 29, 2008. However, Plaintiffs did not serve Fiesta with a copy of the motion, nor did it serve Fiesta with a copy of the witness list they filed with the court. In correspondence dated November 4, 2008, Plaintiffs' counsel asserted that the motion to amend to add Fiesta had been denied, and he would no longer send Fiesta's counsel copies of anything in the case. Fiesta's counsel responded on November 7, 2008, that he disagreed that the motion to add Fiesta had been denied, and asked that he continue to be included on Plaintiffs' service list. Included in this letter was a copy of Fiesta's motion for summary judgment which had been filed earlier that day. Plaintiffs did not respond to Fiesta's motion for summary judgment and chose not to serve Fiesta with any additional pleadings. With no response from Plaintiffs, the district court granted summary judgment in favor of Fiesta.

In subsequent hearings, the district court made extensive findings of fact on the record and concluded that Fiesta had answered the complaint; that Fiesta was a party; that counsel for Plaintiffs understood that Fiesta was a party; that these determinations were made "abundantly clear" at the hearing on October 22, 2008, and in the order filed on October 27, 2008; and that all that had remained was the clerical matter of

5

changing the caption to substitute Fiesta for Tumbleweed Steakhouse, Inc. **Standard of Review**

We are not asked to decide on the merits whether Fiesta was entitled to summary judgment. Instead, we are asked to decide whether the district court correctly concluded as a matter of law that Fiesta was a party when it filed the motion for summary judgment and whether the findings on which that conclusion of law is based are supported by substantial evidence. *See Golden Cone Concepts, Inc. v. Villa Linda Mall, Ltd.*, 113 N.M. 9, 12, 820 P.2d 1323, 1326 (1991) (stating that when a party is challenging a conclusion of law, the standard of review is whether the law was correctly applied to the facts, viewing the facts in the manner most favorable to the prevailing party, and disregarding all evidence and inferences to the contrary). As to Plaintiffs' contention that they had no opportunity to respond to the motion for summary judgment, we also view the facts in the light most favorable to the district court decision. *Id.*

**Discussion**

We have no hesitation in concluding that the findings of the district court that Fiesta was a party when it filed the motion for summary judgment are amply supported by substantial evidence. To the extent that the ministerial task formalizing the district court's order to substitute Fiesta for Tumbleweed Steakhouse, Inc., remained, its subsequent orders are properly construed as being entered nunc pro tunc. *See Mora v. Martinez*, 80 N.M. 88, 89, 451 P.2d 992, 993 (1969) ("[N]unc pro tunc has reference to the making of an entry now, of something which was actually

6

previously done, so as to have it effective as of the earlier date."). Plaintiffs' argument that they had no opportunity to respond to Fiesta's motion for summary judgment ignores the facts.

**CONCLUSION**

The order of the district court is affirmed.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**CYNTHIA A. FRY, Judge**