This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ARTHUR FIRSTENBERG,**

 Plaintiff-Appellant/Cross-Appellee,

**v.**              **No. 34,821**

**ROBIN LEITH,**

 Defendant-Appellee/Cross-Appellant,

and

**RAPHAELA MONRIBOT,**

 Defendant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Arthur Firstenberg, Pro Se
Santa Fe, NM

Appellant/Cross-Appellee

Stiff, Keith & Garcia, LLC
Ann L. Keith
Keith D. Drennan

Albuquerque, NM

for Appellee/Cross-Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Arthur Firstenberg (Firstenberg), a self-represented litigant, seeks to appeal from the order granting summary judgment, entered on October 6, 2012, disposing of his claims against Robin Leith (Leith) [RP Vol.25/5953]; an order granting partial summary judgment to Firstenberg on Leith's amended counterclaim, filed on February 21, 2015 [RP Vol.29/6853]; an order denying Firstenberg's motion for clarification, filed May 1, 2015 [RP Vol.29/6898]; and "all intermediate orders and rulings whatsoever concerning the claims and counterclaim between Plaintiff [Firstenberg] and Defendant Leith." [RP Vol.29/6916] Leith seeks to appeal two orders: (1) the order granting, in part, her motion for leave to file counterclaims against Firstenberg, filed July 3, 2012 [RP Vol.20/4506], and (2) the order granting partial summary judgment in favor of Firstenberg on her amended counterclaim, filed February 21, 2015 [RP Vol.29/6853]. [Leith DS 8] In our calendar notice, we proposed to dismiss the appeal for lack of a final order. Firstenberg filed a memorandum in opposition, which we have duly considered. Unpersuaded, we dismiss the appeal for lack of a final order.

**{2}** "In civil cases, this Court has jurisdiction over, among other things, 'any final order after entry of judgment which affects substantial rights[.]' " *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844 (quoting NMSA 1978, § 39-3-2 (1966)). "Whether an order is a 'final order' within the meaning of the statute is a jurisdictional question that an appellate court is required to raise on its own motion." *Id.* Generally, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible. *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033.

**{3}** As discussed in our calendar notice, both parties acknowledged that this case may not be ripe for appeal. [CN 3; *see also* RP Vol.29/6916 (Firstenberg's notice of appeal); Leith DS 8] Additionally, we noted that after the district court entered its May 1, 2015 order, the district court held hearings regarding the utility meters. [CN 3-4] On September 4, 2015, the district court entered an order stating that it had "requested additional evidence regarding the current placement of utility lines on the parties' respective properties," during the August 12, 2015 hearing. [CN 4] In light of the foregoing, there appeared to be outstanding issues that need to be resolved by the district court and we proposed to dismiss the appeal for lack of a final order. [CN 4]

**{4}** Firstenberg filed a memorandum in opposition and asserts that the May 1, 2015 order is a final order, because Leith has not filed a motion for declaratory judgment regarding the utility meters, despite the district court's permission allowing her to do so, as set forth in the February 21, 2015 order. [MIO 1, 3-4] However, he does not point out specific errors in fact or law with the proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, he confirms that the district court held an informal hearing on May 21, 2015 "at which representatives of New Mexico Gas Company and Public Service Company of New Mexico [(PNM)] testified[, and t]he hearing was continued to August 12, 2015." [MIO 3] He also recognizes that the district court held a status hearing and heard testimony from another representative from PNM on August 12, 2015, and the district court issued a written order regarding the utility lines on September 4, 2015. [MIO 3-4]

**{5}** Despite these hearings and the September 4, 2015 order, in which the district court noted that it had requested additional evidence regarding placement of the utility lines, Firstenberg claims that the May 1, 2015 order is the last substantive order and is a final, appealable order. [MIO 4] He asserts that, unless Leith files a motion for declaratory judgment regarding the location of the utility meters, there are no

4

remaining issues to be decided by the district court. [MIO 1-2, 4] We are not persuaded.

{6} The record reflects that this issue was raised by Leith in earlier pleadings, [*see, e.g.*, RP Vol.28/6677-83 (Leith's petition for injunctive relief severing all utilities connecting Firstenberg's and Leith's properties, filed on July 22, 2014)], and the district court is still considering issues related to the placement of the utility meters. Therefore, we conclude that the May 1, 2015 order is not a final, appealable order; this appeal is premature; and we decline Firstenberg's request to remand the case to the district court. [MIO 5] *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 15, 101 N.M. 764, 688 P.2d 1268 ("If we do not have jurisdiction, we must dismiss."); *see also State v. Romero*, 2014-NMCA-063, ¶¶ 15-17, 327 P.3d 525 (stating that if this Court does not have jurisdiction, the proper remedy is dismissal—not a remand).

{7} For the reasons stated in this opinion and in our notice of proposed summary disposition, we dismiss for lack of a final order.

{8} **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**