This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37364**

**LSF9 MASTER PARTICIPATION
TRUST,**

Plaintiff-Appellant,

v.

**JANE E. DICKINSON a/k/a JANE
DICKINSON,**

Defendant-Appellee,

and

**DEBORAH CALKIN; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., as nominee for MERITAGE
MORTGAGE CORPORATION; DEL
NORTE CREDIT UNION; and
DEPARTMENT OF THE TREASURY---
INTERNAL REVENUE SERVICE,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Judge**

McCarthy & Holthus, LLP
Joshua T. Chappell
Jason C. Bousliman
Jade Rotonda
Albuquerque, NM

for Appellant

Coberly Law Office
Todd A. Coberly

Santa Fe, NM
for Appellee

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** LSF9 Master Participation Trust (Trust) appeals the district court's judgment in favor of Defendant Jane E. Dickinson. Following a bench trial, the district court dismissed Trust's complaint for foreclosure against Defendant without prejudice, concluding that Trust failed to prove standing.[1] We affirm.

**BACKGROUND**

**{2}** On June 29, 2005, Defendant executed and delivered a promissory note (note) to Home Buyer's Mortgage Co. (Home Buyer's). The note was secured by a mortgage (Mortgage) on her home in favor of Home Buyer's. Home Buyer's assigned the Mortgage to First Horizon Home Loan Corporation that same day. Five years later, First Horizon Home Loans, as successor in interest to First Horizon Home Loan Corporation, assigned the Mortgage to Fannie Mae. On November 22, 2010, Fannie Mae filed a complaint for foreclosure (complaint) against Defendant. With the complaint, Fannie Mae included a copy of the note, which reflected two indorsements, one from Home Buyer's to First Horizon Home Loan Corporation, and one from First Horizon Home Loan Corporation indorsed in blank. Trust later purchased the note from Fannie Mae and Fannie Mae assigned the Mortgage to Trust.

**{3}** The case proceeded to a bench trial. The issue before the district court at trial was "whether Fannie Mae physically possessed the original note on November 22, 2010, such that it had standing to file the complaint."[2] Following trial, in relevant part, the district court entered the following findings of fact:

> At trial, [Fannie Mae] failed to present any evidence regarding the location or possession of the original note as of November 22, 2010.

> [Fannie Mae] failed to prove that it held the original note as of the date it filed the complaint herein.

---

1The district court's decision and notice of appeal list Federal National Mortgage Association (Fannie Mae) rather than Trust as a party. Before the bench trial, however, Trust acquired Fannie Mae's interest in Defendant's mortgage. During motions practice, Fannie Mae and Defendant agreed that if Trust was legally entitled to proceed with foreclosure because it had acquired Fannie Mae's interest, a formal substitution of Plaintiff was unnecessary. Thus, for the purposes of this opinion, Trust has stepped into the shoes of Fannie Mae.

2Having acquired Fannie Mae's interest after Fannie Mae filed its foreclosure complaint, Trust stood in Fannie Mae's shoes and bore the burden of demonstrating that Fannie Mae had standing as of the date it filed its complaint. *See Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, ¶ 20, 369 P.3d 1046 (stating that in mortgage foreclosure cases, standing must be established at the time a lawsuit is filed).

The district court dismissed the complaint without prejudice on the basis that Fannie Mae failed to prove standing. Trust now appeals.

**DISCUSSION**

**{4}** On appeal, Trust's central argument is that the district court's conclusion that Fannie Mae failed to demonstrate standing is legally erroneous. Trust attacks a number of the district court's factual findings and legal conclusions as unsupported by substantial evidence. We perceive no error in the district court's conclusion that Fannie Mae failed to demonstrate standing. Because we reject Trust's arguments on the threshold issue of standing, we do not reach its remaining contentions of error.

**I.     The District Court Did Not Err by Concluding That Fannie Mae Failed to Demonstrate Standing**

**A.     Standard of Review**

**{5}** "We are deferential to facts found by the district court, but we review questions of law de novo." *Benavidez v. Benavidez*, 2006-NMCA-138, ¶ 21, 140 N.M. 637, 145 P.3d 117. "Findings of fact made by the district court will not be disturbed if they are supported by substantial evidence. Substantial evidence means relevant evidence that a reasonable mind could accept as adequate to support a conclusion." *Inca Constr. Co. v. Rogers*, 1997-NMCA-056, ¶ 21, 123 N.M. 514, 943 P.2d 548 (internal quotation marks and citation omitted). "When a party is challenging a legal conclusion, the standard for review is whether the law correctly was applied to the facts." *Benavidez*, 2006-NMCA-138, ¶ 21 (internal quotation marks and citation omitted). We view the facts "in a manner most favorable to the prevailing party, indulging all reasonable inferences in support of the [district] court's decision, and disregarding all inferences or evidence to the contrary." *Golden Cone Concepts, Inc. v. Villa Linda Mall, Ltd.*, 1991-NMSC-097, ¶ 8, 113 N.M. 9, 820 P.2d 1323.

**B.     Substantial Evidence Supports the District Court's Conclusion That Fannie Mae Failed to Establish Standing**

**{6}** In mortgage foreclosure cases, standing must be established at the time a lawsuit is filed. *Johnston*, 2016-NMSC-013, ¶ 20. Standing is established when the party pursuing foreclosure can "demonstrate that it had the right to enforce the note and the right to foreclose the mortgage at the time the foreclosure suit was filed." *PNC Mortg. v. Romero*, 2016-NMCA-064, ¶ 19, 377 P.3d 461 (alteration, internal quotation marks, and citation omitted). Third parties seeking to enforce a promissory note underlying a mortgage establish standing by "prov[ing] both physical possession *and* the right to enforcement through either a proper indorsement or a transfer by negotiation." *Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 21, 320 P.3d 1.

**{7}** A party who holds a promissory note possesses the right to foreclose the underlying mortgage. *See* NMSA 1978, § 55-3-301 (1992) (providing that "the holder of

the instrument" is a "[p]erson entitled to enforce" it). The "holder" of the note is "the person in possession of [the] negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]" NMSA 1978, § 55-1-201(b)(21)(A) (2005). An indorsement in blank "does not identify a person to whom the instrument is payable but instead makes it payable to anyone who holds it as bearer paper." *Romero*, 2014-NMSC-007, ¶ 24; *see also* NMSA 1978, § 55-3-205(b) (1992) (defining indorsements in blank). If, at the time a lawsuit is filed, the plaintiff produces a note indorsed in blank, the plaintiff is "entitled to a presumption that it could enforce the note at the time of filing and thereby establish standing." *Johnston*, 2016-NMSC-013, ¶ 25.

**{8}**     Trust first argues that the Supreme Court's language in *Johnston* regarding a presumption of the right of enforcement and establishment of standing was erroneously disregarded by the district court. *See id.* Specifically, Trust contends that the district court failed to employ a presumption that Fannie Mae had standing, and thereby assigned the burden to produce evidence concerning standing to Fannie Mae, rather than require Defendant to produce evidence to rebut this presumption. We reject Trust's argument.

**{9}**     Here, at the time Fannie Mae filed the complaint, it included a copy of the note with two indorsements, one from Home Buyer's Mortgage Co. to First Horizon Home Loan Corporation, and one from First Horizon Home Loan Corporation indorsed in blank. This fact is the crux of Trust's argument that Fannie Mae was entitled to the presumption of the right of enforcement and establishment of standing during trial, and thus it was Defendant's burden to come forward with evidence to rebut this presumption. Defendant maintains that the scope of this presumption from *Johnston* is "debatable[,]" because it is unclear whether our Supreme Court intended this presumption to apply only when a plaintiff produces an original note indorsed in blank with its complaint, or if a copy of an original note indorsed in blank will suffice. *See id.* We need not answer this question today, however, as we are able to resolve this case without reaching this issue. *See Crist v. Town of Gallup*, 1947-NMSC-012, ¶ 14, 51 N.M. 286, 183 P.2d 156 (stating that appellate courts need not answer questions unnecessary for the resolution of the case), *superceded by statute on other grounds as stated in Hoover v. City of Albuquerque*, 1954-NMSC-043, ¶ 5, 58 N.M. 250, 270 P.2d 386.

**{10}**     The record here reflects the district court's finding that Fannie Mae did indeed attach a copy of the note indorsed in blank with the complaint. And Fannie Mae contended in the district court that it was entitled to the presumption of the right of enforcement and establishment of standing. However, this presumption was not determinative of the district court's decision, as "presumptions in a civil nonjury trial . . . are little more than rhetorical devices; one can argue them to a judge but they have no mandatory effect upon his decision, which is reached by weighing the evidence." *Chapman v. Varela*, 2009-NMSC-041, ¶ 11, 146 N.M. 680, 213 P.3d 1109 (alteration, internal quotation marks, and citation omitted). Thus, while the district court *could* legally presume that Fannie Mae was able to enforce the note at the time it filed the complaint

and thus establish standing, it was not required to do so. *See Mortgage Inv. Co. v. Griego*, 1989-NMSC-014, ¶ 15, 108 N.M. 240, 771 P.2d 173 (noting that a district court acting as fact-finder need not employ a rebuttable presumption and holding that the district court correctly found in favor of the party against whom the presumption was employed, even though the district court found that the party failed to rebut the presumption). Stated differently, what is required is that the district court make the correct decision as to the issue at hand under the evidence available to it.

**{11}** Therefore, because the district court was not required to make use of the presumption of the right of enforcement and establishment of standing articulated in *Johnston*, we turn our focus to the evidence adduced at trial. *See Chapman*, 2009-NMSC-041, ¶ 11 (noting that even in cases where a presumption applies, the district court's decisions as fact-finder must be based on the weight of the evidence). Trust contends sufficient evidence was presented at trial to show that Fannie Mae possessed the note on the day the complaint was filed, contrary to the district court's factual findings. We disagree.

**{12}** Trust supports its argument by directing us to a body of evidence that it claims demonstrates that "the note was in possession of Fannie Mae as bearer paper at the time of the complaint, [and Trust] was entitled to enforce the note at the time of trial." However, the evidence tendered by Trust is not the central focus of our review, as we do not consider evidence adverse to the district court's findings. *See Duke City Lumber Co. v. N.M. Env't Improvement Bd.*, 1984-NMSC-042, ¶ 12, 101 N.M. 291, 681 P.2d 717. Our task is to determine whether the district court's decision is supported by substantial evidence, not whether the evidence proffered by Trust is sufficient to support a contrary result. *See Deutsche Bank Nat'l Trust Co. v. Beneficial N.M., Inc.*, 2014-NMCA-090, ¶ 7, 335 P.3d 217 ("In reviewing a substantial evidence claim, the question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." (alteration, internal quotation marks, and citation omitted)). Indeed, in most cases where a party challenges the district court's findings, we resolve the issue by looking to the evidence supportive of those findings and disclaiming adverse evidence. *See Rogers*, 1997-NMCA-056, ¶ 21.

**{13}** Moreover, it is compulsory that the party challenging the district court's findings on appeal discuss the evidence supportive of those findings. *See* Rule 12-318(A)(3) NMRA; *see also State ex rel. Foy v. Vanderbilt Cap. Advisors, LLC*, 2022-NMCA-026, ¶ 28, 511 P.3d 329. By directing us only to evidence supportive of its desired findings, Trust's briefing is deficient in this regard. *See id.* (stating that we may refuse to address issues "subject to the substantial evidence standard of review" where the party raising the issues "discusses only those aspects which tend to support its position").

**{14}** Insofar as Trust urges us to give weight to the documentary evidence in the record because the outcome of the case turns on the interpretation of such evidence, we decline this invitation. While we will interpret documentary evidence when required, we perceive no occasion to do so here, because resolution of this case turns on the absence of essential evidence rather than documentary evidence requiring our

construction. *See Romero*, 2014-NMSC-007, ¶ 18 (noting that appellate courts will engage in "the interpretation of documentary evidence" when necessary to "the resolution of the issue" (internal quotation marks and citation omitted)).

**{15}**    Trust does not dispute the absence of documentary and testimonial evidence that directly answers the critical question of physical possession on the date Fannie Mae brought the complaint. Rather, Trust maintains that the documentary and testimonial evidence offered, in the aggregate, established "constructive possession of the note"[3] on the date the complaint was filed. But our review of the record established that testimony was offered concerning the absence of documentary evidence showing the note's physical location on the complaint's filing date. Specifically, Fannie Mae's testifying agent admitted that none of the exhibits about which she had testified addressed the note's physical location at the time of filing. Therefore, viewing the facts in the light most favorable to the decision below we cannot hold that the district court erred by concluding that Fannie Mae failed to demonstrate standing, as we are satisfied that its finding that Fannie Mae did not show physical possession of the note on the date the complaint was filed is supported by substantial evidence.

## II.    Trust's Remaining Arguments

**{16}**    As we have stated above, in mortgage foreclosure cases, standing is a threshold issue that must be established at the time a lawsuit is filed. *See Johnston*, 2016-NMSC-013, ¶ 21. Because we conclude that the district court did not err in finding that Fannie Mae failed to demonstrate physical possession of the note on the date it filed the complaint and thus was unable to prove standing, we need not reach Trust's remaining arguments contesting other findings and conclusions entered by the district court.

## CONCLUSION

**{17}**    For the foregoing reasons, we affirm the district court's dismissal of the complaint without prejudice.

**{18}    IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

---

3Trust also advances an argument concerning constructive possession as a substitute for the physical possession required to demonstrate standing. We first note that it or the Trust fails to develop any argument in this regard. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). We nevertheless decline to address this aspect of Trust's argument as we conclude that the district court's finding concerning Fannie Mae's failure to show physical possession of the note on the date the complaint was filed is supported by substantial evidence.

**J. MILES HANISEE, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**